Argued November 19, remanded for further proceedings
December 15, 1975

RODNEY WELLBORN, *Petitioner, v.* OREGON
STATE PENITENTIARY (No. 04-75-106,
CA 4790), *Respondent.*

543 P2d 23

*John K. Hoover,* Deputy Public Defender, Salem, argued the cause for petitioner. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*James A. Hill, Jr.,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and LEE, Judges.

FOLEY, J.

Petitioner, an inmate of the Oregon State Penitentiary, was found guilty by the disciplinary committee of destruction of property. He contends on this review that there is no evidence that he was guilty of wilfully destroying property.

The evidence was that petitioner, displaying hostility and animosity, threw three cups of liquid on a corrections officer as the officer was pouring tea and milk for the inmates of the segregation and isolation section. As a result, the beverages were spilled.

The rule in question, Rule 7 of the Major Rules of Prohibited Conduct, provides:

"Destruction of Property

"No inmate shall wilfully destroy, alter, tamper with, abuse or waste the materials or property of another without staff authorization."

The disciplinary committee found that:

"* * * * *

"3. Inmate Wellborn, by throwing the liquid on [the officer], was responsible for the destruction of a pitcher of tea and a pitcher of milk.

"* * * * *"

Petitioner contends that the finding falls short of a determination of *wilful* destruction under the rule and we agree. Being "responsible for the destruction" does not necessarily mean that the destruction was wilful.

"Wilfully" is synonymous with "intentionally." Bouvier's Law Dictionary 3454-55 (Rawle's 3d rev, 8th ed 1914). To have acted wilfully, petitioner must have intended to cause the destruction of the beverages.

Remanded for further proceedings consistent with this opinion.